In the Matter of the Application of the BROOKLYN TRUST COMPANY, as Trustee of Various Certificated Mortgage Issues, with Reference to the Payment of Premiums on the Fidelity Bonds of Managing Agents Out of the Respective Trust Estates.

Supreme Court, Additional Special Term, New York County, April 23, 1940.

*Cullen & Dykman,* for the Brooklyn Trust Company, as trustee.

*Hartman, Sheridan & Tekulsky,* for Brett, Wyckoff, Potter, Hamilton, Inc., Brown, Wheelock, Harris, Stevens, Inc., Byrne, Bowman & Forshay, Inc., Duff & Conger, Inc., and Wood, Dolson Co., Inc.

*Harold J. Treanor,* for the Real Estate Board of New York.

*Sherman S. Rogers,* for Frank L. Weil, William E. Russell and Raymond J. Scully, trustees of series C-2.

*Kramer & Kleinfeld,* for P. Walker Morris, Lazarus Joseph and Leon Leighton, trustees of series BK.

*Weisman, Celler, Quinn, Allan & Spett,* for Adolph Kaufman, Ivor B. Clark and Henry Hetkin, trustees of series B-1.

NOONAN, J. By this application Brooklyn Trust Company, as trustee of a number of certificated issues of guaranteed mortgages, presents for the court's consideration " the question as to whether any instructions should be made by the court regarding the payment of the premiums on the fidelity bonds of the managing agents " of the various properties of which it is trustee.

The applicant has for some time been requiring the managing agents employed by it to furnish a fidelity bond to cover rents collected for a period of two months. In view of the fact that said agents were receiving compensation for their services at the full real estate board rates, the trustee concluded that as a matter of policy the premiums on the fidelity bonds ought not to be charged against the certificate holders but ought instead to be borne by the managing agents themselves. By reason, however, of the fact that the real estate board of New York has adopted as one of its canons of ethics a provision that " It shall be considered unethical conduct and unfair practice for any member to bear the expense, or reduce his fees to offset the expense of furnishing a fidelity, surety or indemnity bond required by any one in connection with the services performed by any such member in the management of property," the managing agents engaged by the applicant have taken the position that they cannot or will not bear the expense of the premiums on the fidelity bonds furnished by them. Accordingly, the present motion has been made for the purpose of ascertaining the court's attitude and policy in connection with the controversy in question.

No provision of any statute is here involved. Section 130-b of the Real Property Law has no application whatsoever, for it is part of article 4-A of the Real Property Law, from the benefits of which mortgages or certificates in mortgages, guaranteed by title or mortgage guaranty companies, are expressly excluded. (See Real Prop. Law, § 125; see, also, *Matter of Lawyers' Westchester Title & Mortgage Co.,* 162 Misc. 531.) The recent amendment to section 130-b (Laws of 1940, chap. 570) is also inapplicable for the same reason. The question presented is not strictly one of law. It is rather one as to the policy which the Additional

Special Term, in the exercise of its discretion, intends to adopt in passing upon accounts of trustees who have charged their trust estates with premiums paid for fidelity bonds furnished by managing agents. Even as to unguaranteed mortgages which are governed by section 130-b of the Real Property Law, the Legislature has indicated that the question as to who shall bear the expense of the premium of a managing agent's bond is one to be determined in the court's discretion for the recent amendment above referred to added to section 130-b a sentence reading as follows: " The cost or premium of such bond may, in the discretion of the court, be a charge against and paid for from the income of the mortgaged property."

In order that the moving trustee, as well as trustees generally, may be acquainted with the court's attitude and thus avoid running the risk of a surcharge, the court deems it proper at this time to express its views on the subject.

It must be clear at the very outset that the real estate board cannot tie the hands of the court, in passing upon the propriety of expenditures made by trustees, by adopting rules, regulations or canons of ethics regarding the conduct of its own members. The court remains free, in a proper case, to say to the trustees over whom it has supervision that they may not pay the premiums for managing agents' bonds out of certificate holders' funds, just as it may say to the trustees, where the circumstances warrant it, that they should not pay managing agents the full commissions required by the rules of the real estate board.

The question in each case is essentially one as to what constitutes the fair and reasonable compensation of the managing agent. In some instances commissions at the full real estate board rates may constitute excessive compensation, while in others the contrary may be true. Where the compensation being paid to the managing agent is more than adequate he should bear the expense of the premium on his fidelity bond. On the other hand, where the managing agent's compensation is inadequate or barely adequate, a different conclusion should be reached. It is impossible to formulate a definite and iron-clad rule to cover all situations. Generally speaking, however, wherever the managing agent is receiving compensation at the full real estate board rates, the trustee will not be permitted to pay out of certificate holders' funds the expense of the premium for the fidelity bond furnished by the managing agent. Trustees and attorneys in the guaranteed mortgage situation have been compelled to make sacrifices because of the distressed condition of the great mass of certificate holders and the public interest involved. Maximum commissions of

the trustees of certificated issues have been fixed at considerably less than the statutory rates applying to trustees generally, and fees and allowances of attorneys have likewise been substantially less than they would have been had their services been rendered to private individuals under normal conditions. The real estate board and its members should likewise be prepared to make some sacrifice in the grave situation presented. Only where compensation at the full real estate board rates is clearly shown to be inadequate and unreasonably low will trustees under the supervision of this court be permitted to charge the certificate holders with any part of the expense of the premium for fidelity bonds furnished by managing agents.

As to the amount of the bond to be furnished by each managing agent, the court is of the opinion that a bond in a sum equivalent to at least the gross income and rental of the property for a period of two months is adequate.

There being insufficient facts before the court to enable it to determine whether the managing agents employed in connection with the properties specifically mentioned in the petition are more than adequately compensated by the commissions presently being paid to them, no definite determination will be made at this time as to whether the trustee or the agents of said properties shall bear the cost of the premium for a two months' bond.